1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| HONGLIANG DENG,<br><br>    Petitioner,<br><br>  vs.<br><br>COLONEL ALAN P. BORJA, WARDEN OF THE GUAM DEPARTMENT OF CORRECTIONS; CAPTAIN JOEY L.G. POCAIGUE, COMMANDER OF THE HAGATNA FEDERAL DETENTION FACILITY; JOHN DOE, FIELD OFFICE DIRECTOR, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, ENFORCEMENT AND REMOVAL OPERATIONS, SAN FRANCISCO FIELD OFFICE; KATHY MAKAENA, ASSISTANT FIELD OFFICE DIRECTOR, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, ENFORCEMENT AND REMOVAL OPERATIONS, SAN FRANCISCO FIELD OFFICE; KRISTI NOEM, SECRETARY OF THE U.S. DEPARTMENT OF HOMELAND SECURITY; PAM BONDI, ATTORNEY GENERAL OF THE UNITED STATES,<br><br>    Respondents. | CIVIL CASE NO. 25-00046<br><br><br>**ORDER<br>REGARDING ECF NO. 5** |

On December 19, 2025, the court entered an order informing the Petitioner that he needed

to properly effectuate service before the Respondents would be required to show cause in this matter. ECF No. 5. Petitioner has properly served the Federal Defendants by delivering a copy of the summons and the complaint to an assistant United States attorney (Mr. Mikel Schwab), sending a copy of each by certified mail to the Attorney General of the United States, and sending a copy of each by certified mail to each of the Federal Respondents in accordance with Federal Rule of Civil Procedure 4(i). *See* ECF Nos. 12, 18 (for Mr. John Doe); ECF Nos. 12, 19 (for Ms. Kathy Makaena); ECF Nos. 12, 16 (for Ms. Kristi Noem); and ECF Nos. 12, 15 (for Ms. Pam Bondi). Petitioner then properly effectuated service on Local Respondent Captain Joey L.G. Pocaigue by serving a copy of the summons and the complaint on an official designated by law to accept service on behalf of the Office of the Attorney General for Guam (Ms. Myla Ramos) in accordance with Federal Rule of Civil Procedure 4(j)(2)(B) and Guam Rule of Civil Procedure 4(i), and by sending him a copy of the summons and the complaint by certified mail. ECF Nos. 12, 20.

Petitioner, however, has failed to properly effectuate service on Local Respondent Colonel Alan P. Borja. In his Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 And Complaint for Declaratory and Injunctive Relief, Petitioner is suing Colonel Borja as "Petitioner's immediate custodian." ECF No. 1, at 3. As such, Petitioner is suing Colonel Borja in his official capacity as Petitioner's custodian and not in his personal capacity. Accordingly, Petitioner must serve a copy of the summons and the complaint for Colonel Borja on the Attorney General for Guam or on an official designated by law to accept service on his behalf. *See* Fed. R. Civ. P. 4(j)(2); Guam R. Civ. P. 4(i).

Taking notice of Ms. Julia Johnson's filing in another one of the court's cases, CV 25-00048, ECF No. 14, the court will give Petitioner two weeks to effectuate service on the remaining Respondent in this matter. As stated in the court's previous order, Respondents will

then have three days from service to show cause "certifying the true cause of the detention" and explaining why Petitioner should not be released. See 28 U.S.C. § 2243.

**SO ORDERED.**



/s/ **Frances M. Tydingco-Gatewood**
**Chief Judge**
**Dated:** Jan 12, 2026